NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BEVERLY A. BLAIR,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2012-7171

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1913, Judge William P. Greene, Jr.

---

**ON MOTION**

---

Before BRYSON, LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to dismiss this appeal from a ruling of the United States Court of Appeals for Veterans Claims (Veterans Court).

The appellant Beverly Blair's late father, veteran Earl L. Blair, served on active duty in the armed forces from September 1951 to October 1955. At the time of his death in October 2005, he had not been awarded entitlement to service connection for any disability or condition, although he had been receiving nonservice connected pension benefits.

At the age of 34, the appellant filed an application for dependent's educational assistance (DEA) benefits pursuant to the War Orphans' Educational Assistance Act of 1956, now codified at Chapter 35 of Title 38 of the U.S. Code. That statute was created for the purpose of assisting "children whose education would otherwise be impeded or interrupted by reason of disability or death of a parent from a disease or injury incurred or aggravated in the Armed Forces." 38 U.S.C. § 3500. The Department of Veterans Affairs (DVA), in a regional office (RO) decision, denied her claim and she appealed that decision to the Board of Veterans' Appeals (Board).

On appeal, the Board found Ms. Blair ineligible for DEA benefits. In addition to noting that at the time of his death Mr. Blair was not service connected for any disability, the Board explained that DEA eligibility by law is generally limited to applicants under 26. Ms. Blair appealed the Board's decision to the Veterans Court, which affirmed. Like the Board, the Veterans Court concluded that the appellant's age made her ineligible to receive DEA benefits as a matter of law. This appeal followed.

With some exceptions not applicable here, 38 U.S.C. § 3512 provides that DEA benefits may be afforded to eligible persons "during the period beginning on the person's eighteenth birthday, or on the successful completion of the person's secondary schooling, whichever first occurs, and ending on the person's twenty-sixth birthday[.]" In light of that limitation, the Department has prescribed a general rule that "no person" is eligible to

commence receipt of educational assistance "who reached his or her 26th birthday on or before the effective date of a finding of permanent total service-connected disability, or on or before the date the veteran's death occurred," 38 C.F.R. § 21.3040(c) (2012), and "no person" is eligible for educational assistance beyond his or her 31st birthday, except to complete a quarter, semester or course. 38 C.F.R. §§ 21.3040(d) (2012), 21.3041(g)(2) (2012).

While contending that the Department erred in previous decisions denying her father entitlement to service connection, Ms. Blair does not dispute that she was older than the age allowed to receive DEA benefits as a matter of law. Summary affirmance is therefore appropriate. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (summary affirmance of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the judgment of the Veterans Court is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s26